```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**DANIEL JOSEPH PARRISH,**

        Plaintiff,

    v.                                        CASE NO. 11-3217-SAC

**LARNED CORRECTIONAL FACILITY, et al.,**

        Defendants.

### MEMORANDUM AND ORDER

Plaintiff, a prisoner in state custody, brings a civil rights complaint under 42 U.S.C. § 1983 in which he complains that he and other, unnamed prisoners held at the Larned Correctional Mental Health Facility are housed in unconstitutional conditions of confinement due to a poor heating system.

The Prison Litigation Reform Act substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, §1915(g) provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records in the District of Kansas reflect that plaintiff has filed more than thirty cases in this court, and that at least

three of those cases were dismissed for failure to state a claim for relief.[1]

The court has examined the present complaint and finds no basis to conclude that plaintiff should be allowed to proceed in this matter without the prepayment of the full filing fee. Plaintiff's claim does not suggest that he is in imminent danger of serious physical harm. Accordingly, plaintiff may proceed in this action only if he pays the filing fee of $350.00 that is charged for filing a civil rights complaint under 42 U.S.C. § 1983.

Likewise, to the extent plaintiff portrays this action as one addressing the claims of hundreds of other inmates and staff members (Doc. 1, p. 5), any request for certification of this matter as a class action must be denied. Such certification depends, in part, upon a finding that the representative party can "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). In the Tenth Circuit, a pro se party may present his own claims in federal court, but not as a class representative, because

---

[1] Plaintiff has filed cases under different names, including Daniel Joseph Kirwan, Michael Duane Pyle, Daniel Joseph Parrish, Daniel Parrado, and Daniel Parrish-Parrado. The cases identified as the basis of this order are Case No. 92-3357, *Kirwan v. Larned Mental Health*, 816 F. Supp. 672 (D. Kan. 1993)(dismissing as legally frivolous plaintiff's claims that officials' continued use of his former legal name, under which he was convicted, violated his constitutional rights); Case No. 91-3217, *Kirwan v. Huggins*, 1991 WL 158842 (dismissing as frivolous plaintiff's claim of excessive heat and lack of electric fan); and Case No. 88-3416, *Kirwan v. Appel*, 1988 WL 142902 (dismissing for failure to state a claim plaintiff's allegations of denial of use of a typewriter, writing table, and chair, and allegations that defendant corrections employees sabotaged a cell house and criminally defamed plaintiff).

his ability as a layperson is deemed inadequate to protect the rights asserted on behalf of other parties. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee.  The failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED that certification of this matter as a class action is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 16th day of December, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge